The Columbus Iron Works Company *vs.* Loudon.

---

The Columbus Iron Works Company, plaintiff in error, *vs.* John Loudon, assignee, defendant in error.

1. The lien given by section 1966, Revised Code, to machinists on machinery furnished or put up by them, cannot be enforced by summary proceedings as in cases of liens against steamboats, but the same must be prosecuted as is provided for the enforcement of mechanics' liens.
2. The execution that may be sued out in such summary proceedings, may be set aside at a regular term of the proper court, on motion of the defendant, without filing an affidavit contesting the amount or justice of the claim, or the existence of the lien, as is required in certain cases by section 1990, Revised Code.

Machinist's lien. Practice in the Superior Court. Before Judge James Johnson. Muscogee Superior Court. November Term, 1873.

Loudon, as assignee of the Empire Cotton Seed Huller and Oil Company, moved to quash an execution against said

The Columbus Iron Works Company *vs.* Loudon.

company in favor of the Columbus Iron Works Company, based upon the foreclosure of a machinist's lien. This foreclosure was in the manner of foreclosing liens against steamboats. The plaintiff moved to dismiss such motion upon the ground that the defendant had filed no affidavit contesting the amount or justice of the claim, or the existence of the lien. The court overruled the last motion and sustained the first. To both of which rulings the plaintiff excepted.

PEABODY & BRANNON, for plaintiff in error.

R. J. MOSES, for defendant.

TRIPPE, Judge.

1. This was a proceeding to enforce a machinist's lien arising under a contract made in 1871, and a motion to quash the execution thereon because it had been summarily issued on a foreclosure in the manner of foreclosing liens against steamboats. The right given to machinists to enforce their liens under the act of 1853 and 1854, pamphlet, pages 45 and 46, and as contained in section 1966, Irwin's Revised Code, is governed by the same rules as those which applied to mechanics. Sections 1963 and 1964, Revised Code, require an action on the claim in cases of mechanics, with regular proceedings to verdict, judgment, etc. The facts in this case do not bring it within the new provisions allowing mechanics in certain cases to use summary proceedings, and those provisions cannot cover it. There was no error in the judgment of the court below on this point: See 27 *Georgia*, 576 ; 32 *Ibid.*, 515.

2. The further objection was set up that the motion was not properly made; that there should have been an affidavit, as set forth in section 1970, Revised Code. No point is made on the fact that the motion was in the name of the assignee in bankruptcy. It is conceded that he stood, for the purposes of this motion, in the place of the debtor. If so, then as that debtor was entitled to the motion before his adjudica-

tion as a bankrupt, his assignee can move afterwards. Section 1970 requires the affidavit to be filed in cases where the *amount* or *justice* of the claim or the *existence* of the lien is contested. Here neither one of these issues is made. The motion is simply to quash an execution because it was illegally issued upon proceedings which show that fact. If an ordinary execution issue without a verdict or judgment, or variant from them, and it so appears from the record, a motion to quash may be made. If the execution is being enforced by a levy, the defendant may be compelled, in order to stop its collection, to arrest it with an affidavit or by injunction. But if the defendant, at a term of the proper court, with notice to the proper parties, has a legal ground to quash the execution for illegality appearing on the face of it or in the record, he can avail himself of that ground by way of motion. Nor do I say that this right is limited to those cases where there is an illegality thus apparent. There may be cases in which such right exists, and which would have to be shown by *aliunde* proof. That point, however, does not arise in this case.

Judgment affirmed.